IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| BROOKE PATSOLIC and<br>CHRISTINA BROSE<br><br>Plaintiffs<br><br>vs.<br><br>JOSEPH R. FRANCIS; MRA<br>HOLDING, LLC a California<br>limited liability company; MANTRA<br>FILMS, INC., an Oklahoma corporation<br><br>Defendants. | Case No.: 5:07cv134-RS-MD |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, BROOKE PATSOLIC and CHRISTINA BROSE, by through the undersigned counsel hereby file this complaint and demand for jury trial against the Defendants, and state as follows:

PATSOLIC et al v. FRANCIS et al                                                                                           Doc. 1

I.   **JURISDICTIONAL ALLEGATIONS**

1.   Plaintiff, BROOKE PATSOLIC, is an individual residing in the State of Florida.

2.   Plaintiff, CHRISTINA BROSE, is an individual residing in the State of Florida.

3.   Defendant, Joseph R. Francis ("Francis") is an individual who is a resident of the State of Nevada.

4.   Defendant, Mantra Films, Inc., ("Mantra") is an Oklahoma corporation with a principal place of business in California.

5.   Defendant, MRA Holding, LLC ("MRA") is a California limited liability company with its principal place of business located in California.

6. This is an action for damages in excess of the jurisdictional minimum set forth by this Court. Moreover, this Court has jurisdiction under 28 U.S.C. § 1332 based upon the diversity of citizenship between the parties.

7. All Defendants are subject to personal jurisdiction in the State of Florida due to the fact that they all conduct continuous and systematic business activities within the State of Florida. Moreover, the Defendants have all engaged in actions and committed torts both inside the State of Florida and outside of the State of Florida which have caused injury to the Plaintiffs in the State of Florida.

8. Venue is proper in this District under 28 U.S.C. § 1391 and 18 U.S.C. § 1965 as the cause of action of the Plaintiff has accrued in this district and the Defendants "reside" in this district for venue purposes.

## II.   GENERAL ALLEGATIONS

9. Mantra is the managing member and sole member of MRA. Mantra films, produces, markets distributes and sells videos and DVDs under the trade name "Girls Gone Wild" ("GGW").

10. The films and DVDs generally produced and marketed by Mantra under the GGW name depict females in a variety of settings exposing themselves and participating in sexually graphic acts.

11. A recurring theme of the GGW films involves luring and convincing otherwise reluctant females to participate in the sexual and exploitive acts depicted in the videos. The Defendants and others acting in concert with them have developed and employed various schemes and tactics to cause females who are being videotaped to engage in these acts.

12. One of the tactics commonly employed by the Defendants and those acting in concert with them is to provide alcoholic beverages and other substances to women in hopes of causing them to "lose their inhibitions" and to otherwise engage in acts that they may not normally have performed. Another tactic commonly used by the Defendants and others acting in concert with them is to repeatedly assure individuals being filmed that the footage will not appear in any of the GGW videos.

13. Defendants also used various vehicles in conjunction with their activities. Specifically, the Defendants operate a GGW "tour bus". The function of the tour bus is to provide a seemingly "private" setting wherein the Defendants and others acting in concert with them coerce females to expose themselves and engage in various sexual acts. Despite assurances of privacy and non-disclosure, the Defendants then use the footage obtained in conjunction with the various GGW videos.

### III. DEFENDANTS PROVIDED ALCOHOL TO UNDERAGE INDIVIDUALS IN VIOLATION OF FLORIDA STATUTE § 562.11(1)(a)

14. Plaintiffs were enticed to enter onto the GGW tour bus and promised that they would be provided with free apparel.

15. Upon entering the GGW tour bus, the Plaintiffs were provided with alcoholic beverages and other substances, including various "shots" furnish by representatives of the Defendants. In fact, the DVD footage published by the Defendants shows the Plaintiffs and their companions being provided with liquor and in becoming progressively intoxicated.

16. At the time that the Defendants' agents, representatives and/or employees provided the Plaintiffs with alcoholic beverages and other substances, the Plaintiffs were under the age of 21. Thus, the Defendants' provision of alcoholic beverages to the Plaintiffs was in direct violation of Florida Statute § 562.11(1)(a), which provides that "it is unlawful for any

person to sell, give, serve, or permit to be serve alcoholic beverages to a person under 21 years of age."

17. After unlawfully providing Plaintiffs with alcohol in violation of the aforementioned section, the representatives and agents of the Defendants coerced the plaintiffs into exposing themselves and engaging in various sexual activities.

18. The Defendants and their representatives videotaped the activities of the Plaintiffs with the full intent of using the footage in GGW videos. However, Defendants and their representatives repeatedly stated to Plaintiffs that they would not use the footage in any video. In fact, Defendants and their representatives had every intention of using the video footage in a GGW production for mass sale and distribution and had not intention of excluding such footage from potential use in GGW videos.

19. Based upon their fraudulent misrepresentations and the unlawful provision of alcoholic beverages to Plaintiffs, Defendants and their representatives were able to obtain explicit and sexual footage of the Plaintiffs.

20. On the day following the incident in which the footage was obtained, Plaintiffs again contacted an agent or representative of the Defendants regarding the incident. Plaintiffs specifically stated that they did not want the Defendants to use any of the footage that had been obtained and sought assurances to this effect. The Defendants' representatives again orally represented that the footage obtained would not be used in any GGW video and was not the type of material Defendants would consider using in a GGW video.

21. Based upon the assurances provided by the Defendants and their representatives, and Plaintiffs' reasonable reliance upon these assurances, the Plaintiffs did not seek to take any

further action to enjoin or otherwise prevent the Defendants from using any footage that had been obtained.

22. The Plaintiffs specifically did not consent to any use of their likeness or image or any photograph or video of their likeness or image. Alternatively, to the extent that any consent was ever given, such consent was obtained through unlawful means and through the provision of alcohol to underaged persons, through coercion and under false pretenses. Moreover, to the extent that any actions of the Plaintiffs can be construed as consent, such consent was effectively revoked prior to any publication of the videotapes, photographs, likeness or images of the Plaintiffs.

23. Contrary to their representations, and in accordance with their original intent, the Defendants published the videotapes of the Plaintiffs, and specifically graphic, sexual footage of the Plaintiffs obtained in the GGW tour bus. The Defendants have specifically included this footage in the DVD entitled "Girls Gone Wild – Endless Spring Break – Volume 6".

24. The Defendants have also used a photograph obtained from the video footage depicting the Plaintiffs as an advertisement for "Girls Gone Wild – Endless Spring Break – Volume 5". In fact, Plaintiffs are shown both at the beginning and the end of this DVD as an advertisement and "teaser."

25. The DVDs in question have been marketed, advertised, distributed and sold by the Defendants throughout the United States and throughout the World, and specifically within the State of Florida and within this District.

26. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

27. Plaintiffs have retained the undersigned counsel and are obligated to pay them a reasonable fee in conjunction with the prosecution of this action.

### COUNT I – CIVIL CONSPIRACY AGAINST THE DEFENDANTS, FRANCIS, MANTRA AND MRA

28. Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 27 stated previously.

29. This is an action for civil conspiracy against Defendants Francis, Mantra and MRA.

30. The Defendants have conspired among themselves and with others to do an unlawful act or, in the alternative, to do a lawful act by unlawful means.

31. Without limitation, the Defendants have conspired among themselves and with others to obtain graphic, sexual video footage of women under the age of 21 in the State of Florida by providing alcoholic beverages unlawfully and in violation of Florida Statutes § 562.11(1)(a). Moreover, the Defendants and those acting in concert with them, particularly co-conspirators, provided Plaintiffs with alcoholic beverages, "shots" and other substances in order to coerce and induce them to engage in sexual acts which the Defendants and their representatives would then videotape.

32. The Defendants have also conspired with others to engage in acts in violation of Florida Statute § 501.204(1), which makes unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in a conduct of any trade or commerce." These acts include, but are not limited to, the unlawful provision of alcohol to underage persons as an inducement or compliment to obtaining graphic, sexual videos of such persons, and making repeated false assurances to persons videotaped that any footage obtained would not be considered for distribution in any GGW video or DVD.

33. The Defendants have conducted overt acts in pursuance of this conspiracy.

34. As a proximate result of the actions of the Defendants and their co-conspirators, the Plaintiffs have been damaged.

WHEREFORE, for the forgoing reasons, Plaintiffs respectfully requests this Court enter judgment against the Defendants for damages, costs, interests and any further relief as the Court may deem just and proper.

## COUNT II – UNJUST ENRICHMENT AGAINST DEFENDANTS FRANCIS, MRA AND MANTRA

35. Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 27 stated previously.

36. This is an action for unjust enrichment against Defendants Francis, MRA and Mantra.

37. The Defendants marketed, sold and unjustly profited from the sale of videotaped footage involving the Plaintiffs performing various acts which were induced by the Defendants and their representatives as set forth above.

38. Based upon the Defendants' unauthorized sale and profit of the footage of the Plaintiffs, and Defendants' failure to provide any compensation to the Plaintiffs, the Defendants have received and appreciated benefits under circumstances by which it would unfair and unjust for Defendants to retain the benefits and these ill-gotten gains.

39. As a proximate result of the Defendants' unjust enrichment, the Plaintiffs have been damaged.

7

WHEREFORE, for the forgoing reasons, Plaintiffs respectfully requests this Court enter judgment against the Defendants for damages, costs, interests and any further relief as the Court may deem just and proper.

### COUNT III – ACTION UNDER FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("DUTPA")

40. Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 27 stated previously.

41. This is an action for declaratory and injunctive relief pursuant to the Florida Deceptive and Unfair Trade Practices Act, Florida Statute § 501.201 (et seq.) against all Defendants. Plaintiffs also seek damages under the DUTPA against Defendant, Mantra.

42. The DUTPA makes unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in a conduct of any trade or commerce." Florida Statute § 501.204(1).

43. Plaintiffs constitute aggrieved persons pursuant to Florida Statute §501.211(1). Plaintiffs also have suffered damages within the meaning of Florida Statute § 501.211(2).

44. The Defendants have engaged in activities in the State of Florida which specifically violate Florida Statute § 501.204(1) in that they are unfair methods of competition, unconscionable acts or practices, or are otherwise unfair or deceptive acts or practices in a conduct of any trade or commerce. Specifically, Defendants and those acting in active concert and in conspiracy with them have engaged in a pattern in practice of providing alcohol to underage females unlawfully in an effort to induce such females to engage in certain graphic or sexual activities. The Defendants have profited from the filming, production, distribution and sale of videotape footage of these activities. Moreover, the Defendants and those acting in active concert and as co-conspirators with them engaged in a pattern of practice of falsely stating

8

to women that the Defendants would not use or consider using any of the footage obtained in any of the GGW videotapes. In reality, the Defendants and their representatives had every intention of using this footage for mass production and sale.

45. As a proximate result of the activities of the Defendants and particularly the sale of certain DVDs by Defendant Mantra, Plaintiffs have been damaged. Plaintiffs seek to recover actual damages against Mantra, as well as attorneys' fees and court costs under Florida Statutes §§ 501.211 and 501.2105.

46. Plaintiffs further seeks declaratory and injunctive relief against all Defendants specifically declaring the following to be a violation of the DUTPA and enjoining Defendants and those acting in concert with them from any of the following:

    a. providing alcohol to individuals in Florida under 21 years of age in violation of Florida Statute § 562.11(1)(a);

    b. providing alcohol to any person in an attempt to cause such person to engage in graphic or sexual acts or in an effort to coerce such person to engage in acts that the person had previously refused to performed;

    c. inducing person to perform actions, which are videotaped, through falsely representing that the videotaped footage will not be used in any GGW videos; and

    d. engaging in deceptive acts or any other act constituting a violation of Florida Statute § 501.204(1) in the context of obtaining video or film footage for commercial purposes.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request this court award damages in favor of the Plaintiffs and against Mantra, and to further award declaratory and

injunctive relief against all Defendants as set forth previously, and to award all attorney's fees incurred by the Plaintiffs in the prosecution of this action pursuant to Florida Statute § 501.2105.

### COUNT IV– ACTION FOR UNAUTHORIZED PUBLICATION OF LIKENESS UNDER FLORIDA STATUE § 540.08

47. Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 27 stated previously.

48. This is an action for unauthorized publication of likeness pursuant to Florida Statute § 540.08.

49. The Defendants have, individually and in conjunction with each other and with others, published, printed, displayed or otherwise publicly used for purposes of trade, commercial and advertising purposes the photographs, likeness and videotapes of the Plaintiffs without the expressed written or oral consent of the Plaintiffs. These actions, as well as the filming and sale of the GGW videos have occurred in the State of Florida.

50. Among other things, Defendants have specifically published, distributed, displayed and sold DVDs in Florida featuring graphic depictions of the Plaintiffs in videotape in the "Girls Gone Wild – Endless Spring Break – Volume 6" and "Girls Gone Wild – Endless Spring Break – Volume 5" DVDs. The Plaintiffs are featured in Volume 5 as an advertisement and promotional feature, as well as a "teaser" for both Volume 5 and Volume 6. The main portion of the videotape depicting the Plaintiffs is published in Volume 6.

51. Additionally, the Defendants have used a modified photograph of the Plaintiffs for commercial and advertising purposes on the outside cover of a DVD in which the Plaintiffs appear and which was published, distributed, displayed and otherwise sold nationwide under the name "Girls Gone Wild – Endless Spring Break – Volume 6."

52. The Defendants have used the Plaintiffs' likeness for commercial and advertising purposes and specifically to advertise a product and portions of a product in which the Plaintiffs did not appear. By prominently displaying Plaintiffs on the cover of a videotape package as an advertisement and to emphasize the role of Plaintiffs for commercial purposes, as well as by including "teaser" material depicting the Plaintiffs in Volume 5, Defendants have violated Florida Statute § 540.08.

53. Plaintiffs did not consent to any such use by the Defendants of any likeness, photographs or videotape. To the extent that Defendants contend any such consent was given, the consent was coerced, obtained under false pretenses and was effectively revoked on numerous occasions prior to Defendants' use of the material.

54. As a proximate result of the Defendants' actions, the Plaintiffs have been damaged, and seek to recover damages for all losses and injuries sustained by reason of the Defendants' conduct, including, without limitation, an amount which would been a reasonable royalty, together with punitive and exemplary damages as set forth in Florida Statute § 504.08(2).

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request this Court award damages including, but not limited to, a reasonable royalty, as well as punitive and exemplary damages under Florida Statute §540.08(2), as well as any further or alternative relief as the Court may deem just and proper.

### COUNT V – ACTION FOR COMMERCIAL MISAPPROPRIATION OF LIKENESS

55. Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 27 stated previously.

56. This is an action for common law commercial misappropriation of likeness against the Defendants.

57. Defendants have, in conjunction with each other and with third parties, filmed, produced, published, distributed and sold DVDs containing the likeness of the Plaintiffs. Defendants sold these DVDs for their own commercial gain without providing any compensation to Plaintiffs.

58. Defendants have also used photographs of the Plaintiffs to advertise products and portions of DVDs in which the Plaintiffs have no involvement and do not otherwise participate.

59. Plaintiffs have not consented to any use of their photographs, videotape or likeness by the Defendants. Alternatively, to the extent that such consent was ever given, it was improperly obtained, coerced and/or was effectively revoked prior to any use by the Defendant.

60. The Defendants have thus commercially exploited the property value of the Plaintiffs name, likeness and personality without the consent of the Plaintiffs and without providing the Plaintiffs with any compensation.

61. As a proximate result of the Defendants action, the Plaintiffs have been damaged.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request this Court enter judgment against the Defendants for damages, as well as costs, interest and any further relief as the Court may deem just and proper.

## COUNT VI - ACTION FOR FRAUD

62. Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 27 stated previously.

63. This is an action for fraud against Defendant Mantra.

64. During the process of videotaping the Plaintiffs, representatives of the Defendant repeatedly assured the Plaintiffs that the videotape would never be used in any GGW production. Representatives and agents of the Defendant specifically assured the Plaintiffs that their activities were "way too tame" to ever be included in any GGW video. Defendant further falsely represented that the video of Plaintiffs was not of the type which would ever be included in a GGW DVD and would not be considered for inclusion.

65. These representations were false, and were known to be false by the representatives of the Defendant at the time they were made.

66. The Plaintiffs reasonably relied upon the Defendant's false statements.

67. These statements by Defendants were material in that the Plaintiffs relied upon them and failed to take any action to ensure that the videotapes were not used in any mass distribution or to otherwise take action with regard to their possible use and/or publication. In fact, the Defendant had every intention of using the videotape footage as part of their mass distribution and DVD sales.

68. The Defendant and its agents throughout the country participate in a pattern of similar fraudulent activities whereby they assure individuals that videotaped footage obtained by Defendant and its agent will not be used in any GGW when, in fact, Defendant has every intention of including that videotape footage in the DVDs for mass distribution and has no intention of excluding those videotapes from possible inclusion in a GGW DVD.

69. As a proximate result of the Defendant's fraudulent representations and the Plaintiffs reasonable reliance thereon as to these material terms, Plaintiffs have been damaged.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request this Court enter an award of damages against Defendant, Mantra, together with costs, interest, punitive damages, and any alternative relief as the court may deem just and proper.

### COUNT VII - UNLAWFUL SERVICE OF ALCOHOL TO MINOR

70. Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 27 stated previously.

71. At the time Defendants videotaped the Plaintiffs, Plaintiffs were under the age of twenty-one (21) and, therefore, not of lawful age to consume alcohol.

72. The Defendant, Mantra, through its agents, servants and/or employees, sold, gave and/or served alcohol to the Plaintiffs, BROOKE PATSOLIC and CHRISTINA BROSE, or permitted alcohol to be served to Plaintiffs, BROOKE PATSOLIC and CHRISTINA BROSE, both of whom were under twenty-one (21) years of age and Defendant failed to discover or know that BROOKE PATSOLIC and CHRISTINA BROSE were under the age of twenty-one (21) at the time. The Defendant willfully and unlawfully sold and/or furnished alcoholic beverages to Plaintiffs, BROOKE PATSOLIC and CHRISTINA BROSE, who were not of legal drinking age.

73. As a direct result of being provided the alcohol, the Plaintiffs, BROOKE PATSOLIC and CHRISTINA BROSE, became intoxicated.

74. As a result of the intoxication, the Defendant and/or its agents, knowing that Plaintiffs were underage and in a severely intoxicated state, coerced them into removing their clothes and coerced them into engaging in other behavior which was videotaped by Defendant and/or its agents.

75. As the result of Defendant's conduct, the Plaintiffs have suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request this Court enter an award of damages against Defendant, Mantra, together with costs, interest, and any alternative relief as the court may deem just and proper.

### COUNT VIII - NEGLIGENCE PER SE

76. Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 27 stated previously.

77. Florida Statutes § 562.11 provides that it is unlawful to sell, give or serve alcoholic beverages to any person under the age of twenty-one (21) or permit a person under the age of twenty-one (21) to consume such beverages on a licensed premise.

78. At the time Defendant Mantra videotaped the Plaintiffs, the Plaintiffs, BROOKE PATSOLIC and CHRISTINA BROSE, were under the age of twenty-one (21).

79. The Defendant and/or its agents provided and served alcoholic beverages to the Plaintiffs, which were consumed by the Plaintiffs.

80. At no time did the Plaintiffs, BROOKE PATSOLIC and CHRISTINA BROSE, show any type of identification to the Defendant and/or its agents, nor did the Plaintiffs ever falsely evidence their age to the Defendant.

81. As a result of the intoxication from the unlawful service by Defendant, the Plaintiffs suffered significant personal injury.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request this Court enter an award of damages against Defendant, Mantra, together with costs, interest, and any alternative relief as the court may deem just and proper.

### IV.   DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated this 8th day of June 2007.

                                              Respectfully submitted,

                                              SCARBOROUGH, HILL & RUGH, P.L.

                                              CHRISTOPHER T. HILL
                                              Florida Bar No. 0868371
                                              201 South Orange Avenue, Suite 720
                                              Post Office Box 2311
                                              Orlando, Florida 32802-2311
                                              (407) 926-7460
                                              (407) 926-7461 facsimile
                                              *Attorney for Plaintiffs*