IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BROOKE PATSOLIC and
CHRISTINA BROSE

    Plaintiffs

vs.                                Case No.: 5:07cv134-RS-MD

JOSEPH FRANCIS; MRA
HOLDINGS, LLC a California
limited liability company; MANTRA
FILMS, INC., and Oklahoma corporation

    Defendants.

---

**DEFENDANTS MANTRA FILM, INC.'S, JOSEPH FRANCIS' AND MRA HOLDINGS, LLC'S
MOTION TO DISMISS FOR IMPROPER VENUE**

---

Defendants, Mantra Films, Inc., ("Mantra"), MRA Holdings, LLC ("MRA"), and Joseph Francis ("Francis"), move this Court for an order dismissing the Complaint and Demand for Jury Trial for improper venue under 28 U.S.C. §1391(a). In support of this motion, Defendants provide the following memorandum of law.

**MEMORANDUM OF LAW**

**I.    INTRODUCTION & RELEVANT FACTS**

Plaintiffs Patsolic and Brose brought this diversity action in the Northern District of Florida asserting venue under 28 U.S.C. §1391 and 18 U.S.C. §1965. See Complaint at ¶8. Specifically, Plaintiffs assert that venue is proper as the cause of action "accrued in this district" and because the Defendants "reside" in this district. *Id.* Plaintiffs

unsubstantiated assertions are nothing more than an attempt at forum shopping and are wholly deficient as a matter of law to establish venue.

It is compelling that the only allegation specific to Joe Francis is Paragraph 3 of the Complaint which alleges that Joe Francis is a resident of the State of Nevada. The only two allegations in the Complaint specific to MRA are contained in Paragraphs 4 and 9 of the Complaint. Paragraph 4 identifies MRA as a California limited liability company with its principal place of business in California - *not Florida* - and further that Mantra is the sole and managing member of MRA.

It is alleged that Mantra is the entity that produces, markets, distributes and sells videos and DVDs under the trade name "Girls Gone Wild." See Complaint ¶ 9. This action specifically concerns footage which is alleged to exist in a DVD entitled "Girls Gone Wild - Endless Spring Break - Volume 6." See Complaint ¶ 23. These allegations, however, are too woefully insufficient to create venue and personal jurisdiction in the District Court for the Northern District of Florida.

Defendants submit the affidavits of Scott Barbour, the Chief Operating Officer for Mantra, Dana Pustetta, an independent cameraman responsible for filming the footage at issue in Orlando, Florida, and Brian Gambrell, the Compliance Manager for Mantra in opposition to Plaintiffs assertion of venue. In sum, these affidavits provide as follows:

> Mantra attends nearly 700 events per year promoting clubs and events pursuant to contracts and agreements with those venues, less than 20 of the events [out of approximately 1400 events] over the last 2 years, or less than 3%, were in Florida, none of which were in the Northern District. See Barbour Aff. ¶¶ 2-3. The revenue from these promotions in Florida constituted less than .001 % of Mantra's revenues. See Barbour Aff. ¶ 3. Mantra, in fact, has conducted no filming in the Northern District for the last *4 years*. See Barbour Aff. ¶ 4. Mantra does not maintain any corporate operations or other principal place of business in Florida

and does not employ any Florida residents. See Barbour Aff. ¶ 4. Further, Mantra does not directly target or advertise to residents of Florida or people residing within the Northern District of Florida. Accord Barbour Aff. ¶ 5. All media advertising is done at a national, not local, level. *Id.*

With regard to the video footage of the Plaintiffs at issue, it was shot on February 22, 2003, in Orlando, Florida. See Pustetta Aff. ¶¶ 3 - 4 and Gambrell Aff. ¶5 - 6. The video tape which is the subject of this action only contains footage shot in Orlando, Florida on February 22, 2003 at Hogs & Honeys of Orlando and Bar Orlando. *Id.* No footage from the video tape at issue was filmed in the Northern District of Florida. Accord Gambrell Aff. ¶ 6.

As this is a diversity action, the relevant portions of the controlling venue statute, 28 U.S.C. §1391, for this Court's consideration are as follows.

> (a) A civil action **wherein jurisdiction is founded only on diversity of citizenship** may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
>
> …
>
> (c) For purposes of venue under this chapter, **a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced**. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts. [emphasis added].

Plaintiffs have not and cannot satisfy any of the three provisions under subsection (a) for establishment of venue in the Northern District.[1] Not one of the Defendants resides in the Northern District nor do any reside in the State of Florida, thus making venue improper under subsection (a)(1)[2]; none of the alleged events or omissions giving rise to the causes of action occurred in "substantial part" - or even in minor part - in the Northern District, thus, making venue improper under subsection (a)(2); and Plaintiffs have not demonstrated that venue would not be proper in another district under subpart (a)(2), allowing it to invoke the fallback provision of (a)(3). Further, even if subsection (a)(3) were invoked not one of the Defendants has subjected it/himself to personal jurisdiction in the Northern District in order for (a)(3) to apply.

As apparent from the text of the statute, establishment of residence in the Northern District is key to the Plaintiffs' burden of proving proper venue under subsections (a)(1) and (a)(3). When dealing with corporate entities, residence is determined under a personal jurisdiction analysis. See 28 U.S.C. §1391(c). Residence for an individual, like Francis, is the individual's permanent residence or domicile. See *Manley v. Engram,* 755 F.2d 1463, 1466 n.3 (11th Cir. 1985). Here, both venue and personal jurisdiction are lacking. Accordingly, dismissal for lack of venue is warranted as a matter of law. Defendants further contend that leave to amend should be denied as such would be futile under these circumstances. See *Id.* and *Smith v. Hildebrand,* 2007

---

[1] Subsection (c) enters into the analysis as it applies to the determination of a corporate defendants residence for the purpose of determining venue under (a)(1). As explained in subsection (c), a corporate defendant is deemed to reside in a district in which it is subject to personal jurisdiction. The Plaintiffs have not and cannot establish personal jurisdiction over any of the Defendants in the Northern District.

[2] In fact, venue fails as a matter of law under subsection (a)(1) as the Complaint specifically alleges that Francis is a resident of the State of Nevada.

WL 1892170, *2 (11th Cir. 2007) ("A court is not required to permit a plaintiff to amend her pleadings where amendment would be futile"); *Bailey v. Silberman,* 2007 WL 966578, *2 (11th Cir. 2007) ("Although leave to amend should be freely given when justice so requires, a district court need not allow an amendment where amendment would be futile"); *CSX Transp., Inc. v. United Transp. Union*, 2007 WL 1643172, *1 (11th Cir. 2007) (finding "no abuse of discretion in the denial of [plaintiff's] motion for leave to amend the complaint because the district court properly determined that the amendment would be futile given the lack of evidence").

## II. BURDEN OF PROOF

It is well settled that establishing venue is the Plaintiffs' burden. See *Wai v. Rainbow Holdings*, 315 F. Supp 2d 1261, 1268 (S.D. Fla. 2004), and authority cited therein. On a 12(b)(3) motion to dismiss for lack of venue, the Court must accept all allegations of the complaint as true, unless, as here, they are contradicted by the Defendants' affidavits. *Id.* When the allegations are so challenged, the Court no longer has to accept them but may consider matters outside the complaint, drawing all inferences in favor of the plaintiff, to determine if venue is proper. *Id.* As demonstrated below, the Plaintiffs have failed to meet their burden.

## III. PERSONAL JURISDICTION DOES NOT EXIST IN THE NORTHERN DISTRICT

As personal jurisdiction is part of the venue analysis under subparts (a)(1) and (a)(3) of the statute, Defendants address it first. The well settled legal principle for analyzing personal jurisdiction provides that, "[A] federal district court sitting in diversity may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution." *Stubbs v. Wyndham*

5

*Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006); *Rexam Airspray, Inc. v. Arminak*, 471 F.Supp.2d 1292, 1297 - 98 (S.D. Fla. 2007) ("In a diversity action, a federal court may exercise personal jurisdiction over a non-resident defendant only to the extent permitted by the long-arm statute of the forum state"); *Samuelson v. Honeywell, D.O.*, 863 F.Supp. 1503, 1505 (E.D.Okl. 1994) ("In a diversity action, the law of the forum determines the existence of personal jurisdiction over a defendant"). In brief, the Court must first determine with regard to each of the non-resident Defendants whether the alleged activities of each satisfies Florida's long-arm statute and then second, whether the extension of jurisdiction comports with due process requirements. *Id.*; *see also Garris v. Thomasville-Thomas County Humane Society, Inc.*, 941 So.2d 540, 544 (Fla. 1st DCA 2006).

Florida's long-arm statute sets forth the legal standard for establishing personal jurisdiction. With regard to general jurisdiction, Florida's long-arm statute provides in relevant part,

> A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity. *See* Section 48.193(2), Florida Statutes.[3]

This provision in Florida law "allows the district court to assert general personal jurisdiction over a nonresident defendant, who has substantial and not isolated activity within Florida, even when that activity is unrelated to the cause of action being

---

[3] "Because the long-arm statute is governed by Florida law, [courts] are required to construe it as would the Florida Supreme Court." *Stubbs*, 447 F.3d at 1361.

6

litigated."[4]  *Stubbs*, 447 F.3d at 1361; *see also Garris v. Thomasville-Thomas County Humane Society, Inc.*, 941 So.2d 540, 544 (Fla. 1st DCA 2006).  General jurisdiction under Section 48.193(2), unlike specific jurisdiction, "does not require that the claim arise from activity or effects within Florida, nor that there be any 'connexity' between the claim and the defendant's activities in Florida." *Garris* at 544.  Consequently, "[B]ecause general jurisdiction allows a court to exercise jurisdiction over any type of suit whatsoever, Florida requires that the contacts must be *especially pervasive and substantial* to satisfy § 48.193(2)." [emphasis added].  *Rexam Airspray, Inc. v. Arminak*, 471 F.Supp.2d 1292, 1303 (S.D. Fla. 2007). See also *Consolidated Development Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000)(Explaining that, "[A] non-resident corporation's contacts with the forum that are unrelated to the litigation must be substantial in order to warrant the exercise of personal jurisdiction under Rule 4(k)(2).")

Florida's long-arm statute "is strictly construed and the party invoking jurisdiction has the burden of pleading and proving facts which clearly justify the exercise of personal jurisdiction." *Rexam Airspray, Inc. v. Arminak*, 471 F.Supp.2d 1292, 1298 (S.D. Fla. 2007).  To establish that Mantra was engaged in "substantial and not isolated activity" in Florida, Mantra's activities must be considered collectively, and must demonstrate continuous and systematic general business activity.  *Stubbs*, 447 F.3d at 1361; *see also*

---

[4] "[A] non-resident corporation's contacts with the forum that are unrelated to the litigation must be substantial in order to warrant the exercise of personal jurisdiction under Rule 4(k)(2)." *Consolidated Development Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000).  For example, "[p]lacing advertisements in a newspaper is not a sufficient connection to the forum for in personam jurisdiction." *Id.* at 1292; *see also Sofrar, S.A. v. Graham Engineering Corp.*, 35 F.Supp.2d 919, 921 (S.D.Fla. 1999) (finding general jurisdiction did not exist under Florida's long-arm statute, although defendants appointed an agent for service of process and were registered to do business in the state).

*Rexam Airspray, Inc. v. Arminak*, 471 F.Supp.2d 1292, 1298 (S.D. Fla. 2007) ("Florida courts hold that 'substantial and not isolated activity' means 'continuous and systematic general business contact'"). The same analysis must also be conducted for MRA and for Francis.

Last, it is well established that such substantial contacts, if established, are also sufficient to satisfy the minimum contacts and traditional notions of fair play and substantial justice required by the federal Due Process Clause to confer general personal jurisdiction. *Stubbs*, 447 F.3d at 1363; *Rexam Airspray, Inc.*, 471 F.Supp.2d at 1298; *see also Garris v. Thomasville-Thomas County Humane Society, Inc.*, 941 So.2d 540, 545 (Fla. 1st DCA 2006) ("If the defendant's activities meet the requirements of Section 48.193(2), minimum contacts are also satisfied").

Applying the above test to the Defendants it is clear that personal jurisdiction is woefully missing. The Complaint is wholly absent of allegations that show that the Defendants engaged in continuous and systematic general business activity in the Northern District. The Defendants do not maintain any corporate operations or other principal places of business in the Northern District, or anywhere in the State of Florida. *Barbour Affidavit*, ¶4. Nor does Mantra employ any Florida residents as employees or agents. *Barbour Affidavit* ¶4.

Mantra's advertising is not directed specifically to Northern Florida or Bay County, Florida. *Barbour Affidavit*, ¶5. And, Mantra does not purchase any advertising with local television or cable stations in the Northern District. *Barbour Affidavit*, ¶5. While Mantra does, from time to time, enter marketing agreements for various events in Florida, the events comprised less than 3 percent of its events and promotions over the

last 2 years. *Barbour Affidavit*, ¶3. Moreover, the revenue from promotions in Florida is less than one-tenth of one percent (0.001) of Mantra's revenues. *Barbour Affidavit*, ¶3.

Finally, and most significantly, the filming of Plaintiffs did not even occur in the Northern District. *Gambrell Affidavit*, ¶6; *Pustetta Affidavit*, ¶4. Defendants could not reasonably anticipate being haled into court in the Northern District in an action relating to events that transpired elsewhere in the state. It is unjust to require Defendants to defend against Plaintiffs' claims here.

It is without dispute that a nonresident's contacts with a forum must be substantial. See *Consolidated Development Corp.*, 216 F. 3d at 1292, and cases cited therein. Not one of the Defendants has engaged in substantial contact that would constitute continuous and systematic general business activity as a matter of law. Plaintiffs have not and cannot show that any one of the Defendants utilizes local media to target Florida or Northern District residents, that the Defendants regularly maintain employees, an office, property, a telephone or even a bank account in Florida or the Northern District. Contrast the following authorities, *Travel Opportunities of Ft. Lauderdale, Inc. v. Walter Karl List Management Inc.*, 726 So. 2d 313, 315 (Fla. 4th DCA 1999)( Finding general personal jurisdiction over a nonresident defendant who had broadcasted infomericals on 48 *Florida* cable channels *to market to in-state* consumers); *Garris*, 941 So. 2d 540 (finding general personal jurisdiction where the defendant humane society had purposefully targeted the Florida "market" by appearing on a "Pet of the Week" weekly news broadcast that included Tallahassee, Florida, where it marketed animals for adoption, accepted animals from Florida residents anytime they were surrendered, included veterinarians in Florida on its pre-approved list for reimbursement

for sterilization, sent newsletters to members, where 9% of its members were Florida residents, mailed invitations to Florida residents for fundraisers, worked regularly with Florida based animal rescue groups, and other Florida directed activities); *Obermaier v. Kenneth Copeland Evangelistic*, 208 F.Supp.2d 1288 (M.D.Fla. 2002) (court found non-resident organization subject to general personal jurisdiction where the organization *directly solicited* contributions from residents of Naples, Florida using *three local television* stations in Naples and websites with an emphasis on Florida, and sent follow-up mail to Florida residents).

With regard to Mantra's national advertising, *Rexam* is instructive. The *Rexam* court refused to exercise personal jurisdiction over a nonresident corporation who had placed four advertisements in two trade publications with national distribution. *Rexam* followed controlling law in the Eleventh Circuit on this point which provides that, "[M]erely advertising in magazines of national circulation that are read in the forum state is not a significant contact for jurisdictional purposes.... Otherwise a business that advertised in a national magazine would be subject to jurisdiction in virtually every state." *Rexam* at 1301 quoting, *Lawson Cattle & Equip. Inc., v. Pasture Renovators, LLC*, 139 Fed. Appx. 140,. 143 (11th Cir. 2005). It logically follows that the same analysis equally applies to broadcasting on national cable channels, as opposed to targeted local stations. Accord *Obermaier* 208 F.Supp.2d 1288.

Signficantly, the District Court in *Robbins v. Yutopian Enterprises, Inc.*, 202 F. Supp. 2d 426, 430 (D. Md. 2002), found that subjecting a defendant to general jurisdiction in Maryland for operation of an active website would presumably subject the defendant to general personal jurisdiction in *every* jurisdiction; this is *not* permitted by

the constitution. Comparably, the Plaintiffs here seek to drag Mantra, MRA and Francis into the Northern District in direct contravention of the constitutional elements of fairness and due process where Mantra has not targeted residents of the Northern District.

IV.     **PLAINTIFFS HAVE FAILED TO ESTABLISH VENUE UNDER 28 U.S.C. §1391 (a)(1)**

Subsection (a)(1) of the venue statute provides that venue may be had in any judicial district where any defendant resides, if all defendants reside in the same State. See 28 U.S.C. §1391 (a)(1). In order to satisfy this provision, the Plaintiffs have the burden of demonstrating first that Mantra, MRA and Francis all reside in the State of Florida. Then, if the Plaintiffs have met this hurdle the Court shall consider whether any of the three Defendants reside in the Northern District. As demonstrated through the Complaint, the uncontroverted affidavits and the authority above, Defendants are not residents of Florida, and indisputably none are residents of the Northern District.

First, it is undisputed that Francis is not a resident of Florida or the Northern District. Section 1391 does not define the term "reside" for individuals, such as Defendant Joe Francis. However, courts have held residence under the venue statute to mean permanent residence or domicile, rather than where the party may be temporarily residing at the time the action is brought. *Manley v. Engram*, 755 F.2d 1463, 1466 n.3 (11th Cir. 1985). As Plaintiffs' Complaint identifies Francis as a resident of the State of Nevada, Plaintiffs cannot demonstrate that all defendants reside in the same state and venue fails in the Northern District of Florida under Section 1391(a)(1). Accordingly, no further analysis under subsection (a)(1) is required. However, even if Plaintiffs amended the Complaint to remove Francis as a defendant, venue would still be improper.

Application of the general personal jurisdiction analysis to 28 U.S.C. §1391(a), unequivocally shows that Plaintiffs have not and cannot meet their burden to establish residence as to Mantra and MRA. As Mantra and MRA are corporate entities, subsection (c) of the venue statute does comes into play. This subsection provides that a corporation shall be deemed to "reside" in any district, in which the corporation would be subject to personal jurisdiction if the district was its own state. As demonstrated above, neither Mantra or MRA have engaged in systematic or continuous business activities that would subject them to personal jurisdiction in the Northern District. Plaintiffs have failed to meet their burden.

## V.   PLAINTIFFS HAVE FAILED TO ESTABLISH VENUE UNDER 28 U.S.C. §1391 (a)(2)

Plaintiffs' Complaint is devoid of any reference or allegation concerning the specific location of the events at issue. However, as attested to by Brian Gambrell and Dana Pustetta, the alleged activities giving rise to the action occurred in "substantial part" in the Middle District of Florida, specifically, Orlando, Florida. None of the activities occurred in the Northern District. Plaintiffs Complaint is wholly deficient and absent of any allegations that controvert the Defendants' evidence. Accordingly venue is improper under 28 U.S.C. §1391(a)(2).

## VI.  PLAINTIFFS HAVE FAILED TO ESTABLISH VENUE UNDER 28 U.S.C. §1391 (a)(3)

Subsection (a)(3) is a fallback provision that is not available to the Plaintiffs absent a showing by the Plaintiffs that there is no other district where the action may otherwise be brought. See *Samuelson v. Honeywell, D.O.*, 863 F.Supp. 1503, 1510

(E.D.Okl. 1994)(Finding that it "can only be used if here is no district in which venue can be laid under (a)(1) or (a)(2)"... and comes into play "only if no district can be established on a residential or transactional basis in a multiple-defendant case"). As attested to by Brian Gambrell, the filming of the alleged activities giving rise to the causes of action occurred in Orlando, Florida, which is situated in the Middle District of Florida. This is uncontroverted evidence. Plaintiffs have failed to satisfy their burden of proof that no there is no other district where the action may otherwise be properly brought. Accordingly, venue does not arise under Subsection (a)(3).

## VII.   CONCLUSION.

Plaintiffs have failed to meet their burden of demonstrating that venue properly arises under one of the three provisions of 28 U.S.C. §1391(a). Accordingly, for the foregoing reasons, Mantra, MRA and Francis respectfully request that this Court enter an order dismissing the Complaint with prejudice.

GREENBERG TRAURIG, P.A.
101 East College Avenue
Tallahassee, FL  32301
Telephone (850) 222-6891
Facsimile (850) 681-0207

_____
BARRY RICHARD
Florida Bar Number 0105599
LAUREEN GALEOTO
Florida Bar Number 0194107

*Counsel for Mantra Films, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of August 2007, this document was electronically filed with the United States District Court, Northern District of Florida, using its CM/ECF electronic filing system which automatically sends a copy of this document to all attorneys registered therein and listed below:

Christopher T. Hill
Scarborough, Hill & Rugh, P.L.
201 South Orange Avenue, Suite 720
Post Office Box 2311
Orlando, FL 32802-2311

_____
Laureen E. Galeoto

*TAL 451429066v2 8/13/2007*