## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

BROOKE PATSOLIC and
CHRISTINA BROSE

      Plaintiffs

vs.                     Case No.: 5:07cv134-RS-MD

JOSEPH FRANCIS; MRA
HOLDINGS, LLC a California
limited liability company; MANTRA
FILMS, INC., and Oklahoma corporation

      Defendants.

---

**DEFENDANTS MANTRA FILM, INC.'S, JOSEPH FRANCIS' AND MRA HOLDINGS, LLC'S
NOTICE OF FILING AFFIDAVITS OF BRIAN GAMBRELL, DANA PUSTETTA,
AND SCOTT BARBOUR IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE**

---

The law firm of Greenberg Traurig, P.A., as counsel for Defendants Mantra Film,

Inc., Joseph Francis and MRA Holdings, LLC, gives notice of filing the original

affidavits of Brian Gambrell, Dana Pustetta, and Scott Barbour in support of their Motion

to Dismiss for Improper Venue.

      Dated: August 13, 2007.

                       **GREENBERG TRAURIG, P.A.**
                       101 East College Avenue
                       Tallahassee, FL 32301
                       Telephone (850) 222-6891
                       Facsimile (850) 681-020

                       **BARRY RICHARD**
                       Florida Bar Number 0105599
                       **LAUREEN GALEOTO**
                       Florida Bar Number 0194107
                       *Counsel for Mantra Films, Inc.*

Dockets.Justia.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of August 2007, this document was electronically filed with the United States District Court, Northern District of Florida, using its CM/ECF electronic filing system which automatically sends a copy of this document to all attorneys registered therein and listed below:

Christopher T. Hill
Scarborough, Hill & Rugh, P.L.
201 South Orange Avenue, Suite 720
Post Office Box 2311
Orlando, FL 32802-2311

_____
Laureen E. Galeoto

*LA 126905222v1 8/13/2007*

## AFFIDAVIT OF BRIAN GAMBRELL

I, Brian Gambrell, declare:

     1.     I am the Compliance Manager for Mantra Films, Inc. I am over 18 years of age, and have personal knowledge of the facts set forth below (except for such facts as stated on information and belief) and, if called as a witness, can and will testify competently to them.

     2.     As Compliance Manager, one of my job duties is to create and maintain corporate business records of video footage taken by independent camera operators and transmitted to the Company, business records of participants and locations which appear in such footage, and business records of the videos and other media in which participants (and/or their images) appear. I also supervise and review the creation of corporate business records concerning the appropriate consent by participants in the Company's videos. These records are contemporaneously recorded by the camera operator, reviewed by the associate producer, sent by overnight mail to the Company's headquarters, and recorded into the Company database. They are records that are necessary to the Company's business operations, and is information of the type on which the Company routinely relies.

     3.     Mantra Films operates two tour busses, which are hired by clubs to help promote and market various events held by local clubs. Pursuant to agreement, the clubs and venues are obligated to provide security and to comply with all state and local regulations, which includes

1

ensuring that club patrons are of legal age to be admitted to the club or event, compliance with various zoning regulations, and service of alcoholic beverages.

4.       The Company marks all videocassette tapes furnished to the tour busses for use by camera operators, who are independent contractors of Mantra Films. The videocassettes are marked at the time they are used with a unique identifying number, the date of each shoot, the name of the camera operator, and the location at which the footage was shot. The videocassettes (and written releases, as required) are reviewed and sent by overnight mail by an associate producer that travels with the camera operators. When the videocassettes arrive at the Company, they are logged, screened for appropriate compliance and consent information, and that information is recorded in the Company's video database. This procedure was established from the inception of the Company's decision to produce its own videos, and continues to be used to this day.

5.       I have reviewed the Company's records, the video products in which Plaintiffs Brooke Patsolic and Christina Brose appear, and the digital videotape (and information contained on it) shot by the camera operator and sent to the Company in February 2003.

6.       The videotape that is the subject of the instant suit was shot on February 22, 2003, in Orlando, Florida. Footage was recorded at two different Orlando nightclubs: "Hogs & Honeys of Orlando" and "Bar Orlando". That videotape [Tape No. 03-1-073C] is the only tape containing images of Plaintiffs Patsolic and Brose and their three companions.

7.    No footage from that tape [Tape No. 03-1-073C] was shot in any city other than Orlando, Florida.  Specifically, no footage from that tape was obtained or filmed in Panama City, Florida.


I swear under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.  Executed this __6ᵗʰ__ day of July, 2007, in Santa Monica, California.

_Brian Gambrell_
BRIAN GAMBRELL

3

## AFFIDAVIT OF DANA PUSTETTA

I, Dana Pustetta, declare:

1.      During the relevant time, I was an independent camera operator filming for Mantra Films, Inc. I am over 18 years of age, and have personal knowledge of the facts set forth below and, if called as a witness, can and will testify competently to them.

2.      As a camera operator, I am trained in creating a record of film participants for compliance and for consent to use their image on video products. As part of those duties, at the time I film a participant I create a record of the location of the filming, the clubs or events attended by me, and the nature of the footage on the videotape. I also obtain and film consent by participants, and verify and record age identification documents when required by law. The videotape and written releases (if any) are reviewed by an assistant producer, and sent by overnight mail to Mantra Films.

3.      In late February 2003, I was a camera operator working as a contractor for Mantra Films, Inc. I travelled on the Girls Gone Wild tour bus through Florida during that time, assisting the company in fulfilling its promotional contracts with clubs, and obtaining film footage for the company's video products, as available. The tour bus went to Key West, Florida, Miami, and Orlando, Florida during that time.

1

4.    I have reviewed the digital videotape that I shot containing images of Plaintiffs Brooke Patsolic and Christina Brose, which is the subject of the instant suit.  The videotape was shot on February 22, 2003, in Orlando, Florida.  Footage was recorded at two different Orlando nightclubs: "Hogs & Honeys of Orlando" and "Bar Orlando".   I labeled the videotape with that club and date information, noted the unique identification number for the tape, and indicated what kind of footage was on the tape for use by editors at the company's headquarters.  The tape was then sent to Mantra Films by overnight mail.   I obtained verbal consents and releases from each of the participants in the scene that was filmed that night to use their images on the video. Based on my training and experience, none of the participants appeared to be impaired, and their consent was both fully informed and voluntary.   None of the participants asked not to be shown on video; the only limitation that a participant requested was that their image not be used on a television advertisement on MTV.  It is my understanding that this notation was made at Mantra headquarters, and that the image was never used on any advertisement on MTV.   Because I was shooting for commercial purposes on a well-marked Girls Gone Wild bus, and at a Girls Gone Wild event, I made no promises to any of the participants that their images would not be used on a video product, and it was not my practice or policy to do so.


I swear under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.  Executed this 3 ( day of July, 2007, in Santa Monica, California.


DANA PUSTETTA

2

## AFFIDAVIT OF SCOTT BARBOUR

I, Scott Barbour, declare:

1.      I am the president and chief operating officer for Mantra Films, Inc. I am over 18 years of age, and have personal knowledge of the facts set forth below and, if called as a witness, can and will testify competently to them.

2.      Mantra Films, Inc is a national lifestyle brand, and operates two busses for touring and promotions. In this respect, Mantra attends nearly 700 events per year promoting clubs and events pursuant to contract and agreement with those venues. The company does so in numerous states, including New York, Ohio, Pennsylvania, Massachusetts, West Virginia, Virginia, Kentucky, Tennessee, Alabama, Louisiana, Mississippi, Georgia, South Carolina, North Carolina, Illinois, Iowa, Nevada, California, Arizona, Texas, and Oklahoma. The company has also promoted events in foreign countries, including Mexico, Australia, Canada and Great Britain.

3.      As part of its normal business operations, the Company also from time to time signs marketing agreements with various bars and events in Florida, including Key West, Daytona Beach, Orlando, Ft. Lauderdale, Miami, and Jacksonville, Florida. These events comprise fewer than 20 events per year over the last two years, or less than 3 percent of all events and promotions for the Company. The revenue from these promotions in Florida is less than one tenth of one percent of the company's revenues (0.001 percent).

4.    The Company filmed events in Panama City and Bay County, Florida for approximately four weeks in Spring 2002, and for an additional five weeks in February and March 2003. The Company has conducted no filming in Panama City, Florida or Bay County, Florida in the last four years. Further, the Company does not maintain any corporate operations or other principal place of business anywhere in the State of Florida. Mantra Films, Inc. is an Oklahoma corporation, with its principal place of business and corporate headquarters in Santa Monica, California. The Company operates a corporate headquarters, a telephone call center, customer service center, and product fulfillment center in Southern California, and employs over 300 people in California. Mantra Films does not employ any Florida residents.

5.    As part of its marketing campaign, Mantra Films purchases thousands of advertising spots on national television and on national cable networks, including Comedy Central, Spike, and other channels, as well as DirecTV and other such programming. The Company does not direct any advertising specifically to Northern Florida or Bay County, Florida, nor does it purchase any advertising with local television or cable stations in Bay County, Florida.

I swear under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed this _9th_ day of August, 2007, in Santa Monica, California.

SCOTT BARBOUR