IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| **BROOKE PATSOLIC and** ) | |
| **CHRISTINA BROSE** ) | |
| ) | |
| Plaintiffs ) | |
| ) | Case No.: 5:07-cv-00134-RS-MD |
| vs. ) | |
| ) | |
| **JOSEPH R. FRANCIS; MRA** ) | |
| **HOLDING, LLC a California** ) | |
| **limited liability company; MANTRA** ) | |
| **FILMS, INC., an Oklahoma corporation** ) | |
| ) | |
| Defendants. ) | |
| ) | |

### UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE AND MOTION FOR LEAVE TO TAKE DISCOVERY

Plaintiffs, BROOKE PATSOLIC and CHRISTINA BROSE, by and through the undersigned counsel and pursuant to Rules 6 and 26 of the Federal Rules of Civil Procedure hereby file this Unopposed Motion for Extension of Time to Respond to Defendants' Motion to Dismiss for Improper Venue, and further request leave of Court to conduct preliminary discovery on the issue on venue, and state as follows:

### I.  INTRODUCTION

Plaintiffs filed this action on June 8, 2007, against the Defendants, Joseph Francis, MRA Holdings, LLC and Mantra Films, Inc. Plaintiffs essentially allege that the Defendants made unauthorized use of the Plaintiffs likeliness in one of their "Girls Gone Wild" (GGW) videos. Plaintiffs also allege the Defendants provided alcohol in conjunction with the filming of the video in violation of Florida Statute section 562.11(1)(a).

On August 13, 2007, Defendants responded to the Complaint, seeking to dismiss for improper venue. Defendants generally alleged that their minimal contact with the Northern District of Florida would preclude venue in this jurisdiction. See, Motion to Dismiss, Docket No. 4, filed on August 13, 2007. Defendants also filed three Affidavits in Support of the Motion to Dismiss for Improper Venue. See Notice of Filing, Docket No. 5, filed on August 13, 2007.

Specifically, the Defendants filed the Affidavits of Brian Gambrell, Dana Pustetta and Scott Barbour in support of the Motion to Dismiss. Docket No. 5. Mr. Gambrell is the "Compliance Manager" for Mantra Films and testified as to the maintenance of the videotape footage at issue and the GGW "tour busses." Mr. Pustetta was the cameraman who filmed the footage at issue and testified as to the filming. Finally, Scott Barbour is the President and CEO of Mantra Films. Mr. Barbour testified generally as to the operation of GGW tour busses, marketing agreements entered into by Mantra Films in the State of Florida, revenues derived from the State of Florida and the Defendants' activities (or lack thereof) in the Northern District of Florida. Docket No. 5, pages 3, 7, and 10, respectively.

Plaintiffs hereby request that this Court grant a 90 day extension of time to respond to Defendants' venue motion to allow Plaintiffs to conduct limited discovery on the issue of venue. The prevailing case law clearly supports limited discovery on venue and jurisdictional issues, especially when the defendant relies upon facts outside of the complaint in support of its motion. The undersigned has consulted with counsel for the Defendants, and the Defendants do not oppose the extension of time to respond or the ability to conduct limited discovery on the issue of venue. The parties are reasonably confident that they can resolve any issues that may relate to the scope of the discovery to be conducted. However, if there is any ultimate dispute as to the scope, the parties agree to present those objections to the Court for prompt resolution.

## II. MEMORANDUM OF LAW

It is clear that the federal courts have the discretionary power to conduct discovery on any facts necessary to ascertain their competency to entertain the merits of a dispute. *Eaton v. Dorchester Development, Inc.*, 692 F. 2d 727, 729 (11 Cir. 1982). The Eleventh Circuit has confirmed that allowing preliminary discovery on jurisdictional issues, including venue, "is not entirely discretionary" and may be required. *Id.*; *Doe v. Maktoum*, 2007 WL 2209258, * 11 (S.D. Fla. July 30, 2007) ("It is well-accepted that a qualified right to jurisdictional discovery exists.").

> Discovery is not limited to the merits of a case, as it is available to ascertain the facts bearing on issues such as jurisdiction or venue.

*Doe*, 2007 WL 2209258, *11, Citing *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 n. 13 (1978). The Eleventh Circuit confirmed in *Eaton* that a Plaintiff "must be given an opportunity to develop facts" that relate to the determination of a preliminary issue such as venue or jurisdiction. *Eaton*, 692 F. 2d at 731. Moreover, the rules of procedure entitle a Plaintiff to "illicit material through discovery before a claim may be dismissed for lack of jurisdiction." *Id.*, citing *Blanco v. Carigulf Lines*, 632 F. 2d 656 (5th Cir. 1980).

In this case, the Defendants have supported their motion to dismiss for improper venue with three affidavits. As the authorities above recognize, the Plaintiffs must be given an opportunity to cross-examine these witnesses and determine not only the bases for their statements, but any facts which may have been omitted from the affidavits. Plaintiffs also request the opportunity to depose a Rule 30(b)(6) representative of Mantra Films and MRA Holdings to determine any other facts which may refute Defendants' claim regarding improper venue. Plaintiffs also seek the ability to propound a narrow set of interrogatories under Rule 33,

as well as a Request for Production of documents under Rule 34 as it relates to the issue of venue.

Pursuant to N.D.Fla.Loc.R. 7.1(B) the undersigned conferred with Counsel for the Defendants, Laureen Galeoto, regarding this motion. The undersigned is authorized to represent that the Defendants do not oppose a motion for an extension of ninety (90) days to respond to the Motion to Dismiss. Defendants have also indicated that they will not oppose the motion to depose representatives who filed affidavits in support of the venue motion or of the Rule 30(b)(6) representative of the Defendants' companies on issues relating to venue.

Defendants have also indicated that they do not object, in theory, to interrogatories and a request for production directed to specific venue issues. However, Defendants want to reserve the right to object to the scope or propriety of this discovery, as well as the depositions to be conducted. Plaintiffs certainly do not object to this caveat and, if the parties cannot resolve any potential dispute regarding the scope of the venue discovery, agree that these issues should be submitted to the Court for determination.

WHEREFORE, for the forgoing reasons and pursuant to Rules 6 and 26 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests the Court grant the following relief:

a. Grant an extension of time up to and including ninety (90) days from the date of this Court's Order to respond to Defendants' Motion to Dismiss for improper venue;

b. Grant Plaintiffs the right to conduct immediate discovery as to issues bearing upon the Court's determination of the Defendants' venue motion. Such discovery may include a deposition of the persons filing affidavits in support of the Defendants' motion (Docket No. 5) as well as the Rule 30(b)(6) representative's of Defendants, Mantra Films, and MRA Holdings;

5

      c.      Order that Plaintiffs may issue interrogatories and a request for production directed specifically to issues on venue;

      e.      Defendants reserve the right to object to the scope or relevance of the depositions or any discovery requests. Upon such objection, the parties will submit these issues to the Court for resolution;

      d.      Grant any further or alternative relief as the court may deem just and proper.

Dated: August 27, 2007

      Respectfully submitted,

      SCARBOROUGH, HILL & RUGH, P.L.

      s/ Christopher T. Hill_____
      CHRISTOPHER T. HILL
      Florida Bar No. 0868371
      201 South Orange Avenue, Suite 720
      Post Office Box 2311
      Orlando, Florida 32802-2311
      (407) 926-7460
      (407) 926-7461 facsimile
      chill@shrlaw.com
      *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal to the following ECF registrants on this 27th day of August 2007 to the following:

Laureen Galeoto
Greenberg Traurig, P.A.
101 East College Avenue
Tallahassee, FL 32301
galeotol@gtlaw.com

SCARBOROUGH, HILL & RUGH, P.L.


s/ Christopher T. Hill_____
CHRISTOPHER T. HILL
Florida Bar No. 0868371
201 South Orange Avenue, Suite 720
Post Office Box 2311
Orlando, Florida 32802-2311
(407) 926-7460 - (407) 926-7461 facsimile
chill@shrlaw.com
*Attorneys for Plaintiffs*